UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-23311-CIV-GAYLES/OTAZO-REYES

**TED ANTHONY MARTIN JULIEN,**

   **Plaintiff,**

v.

**ANDREW SAUL,**
**Commissioner of Social Security,**

   **Defendant.**
_____/

# ORDER

**THIS CAUSE** comes before the Court on the Report and Recommendation of Magistrate Judge Alicia M. Otazo-Reyes [ECF No. 25] ("Report"). On August 14, 2018, Plaintiff filed his Complaint seeking judicial review of the final decision of the Commissioner of Social Security (the "Commissioner") denying Plaintiff's application for disability insurance benefits and supplemental security income. [ECF No. 1]. The matter was referred to Judge Otazo-Reyes pursuant to 28 U.S.C. § 636(b)(1)(B) for a ruling on all pretrial, non-dispositive motions and for a Report and Recommendation on any dispositive motions. [ECF No. 2]. On January 30, 2020, Judge Otazo-Reyes issued her Report recommending that Plaintiff's Motion for Summary Judgment [ECF No. 20] be denied, that the Commissioner's Motion for Summary Judgment [ECF No. 21] be granted, and that the Commissioner's decision be affirmed. Plaintiff has timely objected to the Report (the "Objections"). [ECF No. 26].

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see*

1

*also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

The Court, having reviewed Plaintiff's Objections and conducted a *de novo* review of the record, agrees with Judge Otazo-Reyes' recommendation that the decision of the Commissioner be affirmed.

Of note, Plaintiff objects to the Report's findings that Dr. Poitier and ARNP Andino's functional assessments and New Horizon's treatments records are not chronologically relevant. While the functional assessments and treatment records are chronologically relevant,[1] the Report's ultimate recommendation is still correct because the new evidence is not material. "[T]he Appeals Council must consider new, material, and chronologically relevant evidence that the claimant submits." *Washington v. Soc. Sec. Admin.*, 806 F.3d 1317, 1320 (11th Cir. 2015) (quotation omitted). Evidence is only material if there is "a reasonable possibility that it would change the administrative result." *Lindsay v. Commissioner of Soc. Sec.*, 741 F. App'x 705, 710 (11th Cir. 2018). As the Appeals Council found, none of the new evidence submitted by Plaintiff would change the ALJ's decision.

---

[1] To be chronologically relevant, evidence "must relate to the period on or before the date of the ALJ's decision." *Lindsay v. Commissioner of Soc. Sec.*, 741 F. App'x 705, 710 (2018). Although they were dated after the Administrative Law Judge's ("ALJ") unfavorable decision, Dr. Poitier and ARNP Andino's functional assessments and New Horizon's treatments records are based, at least in part, on treatment that occurred before the ALJ's decision. Accordingly, they are chronologically relevant. *See Washington v. Soc. Sec. Admin.*, 806 F.3d 1317, 1322 (11th Cir. 2015) (holding that physician's opinion was chronologically relevant, even though it was based on an examination performed after the ALJ's decision, because the opinion was based, in part, on the claimant's medical records before the decision).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

(1) Judge Otazo-Reyes' Report and Recommendation [ECF No. 25] is **ADOPTED in PART.**

(2) Plaintiff's Motion for Summary Judgment [ECF No. 20] is **DENIED**.

(3) The Commissioner's Motion for Summary Judgment [ECF No. 21] is **GRANTED**.

(4) The Commissioner's decision is **AFFIRMED**.

(5) This action is **CLOSED** for administrative purposes.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 20th day of March, 2020.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE